```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS


MARTIN VASQUEZ ARROYO,

                         Plaintiff,

           v.                                CASE NO.12-3198-RDR

SAM A. CROW, et al.,

                         Defendants.
```

### MEMORANDUM AND ORDER

This matter comes before the court on a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a prisoner in state custody. Plaintiff has submitted the initial partial filing fee as directed by the court.[1]

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief from a governmental entity or an officer or employee of that entity. During this review, the court must dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A (a)-(b) and 28 U.S.C. § 1915(e)(2)(B)(ii)(allowing dismissal on the same bases

---

[1] Plaintiff is advised that he remains obligated to pay the balance of the statutory filing fee of $350.00 in this action. The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

where action is brought in forma pauperis).

In this action, plaintiff names as defendants the Honorable Sam A. Crow of this court, and Allen G. Glendenning, an attorney in private practice. Plaintiff's claims arise from two earlier matters he filed in this court, *Vasquez Arroyo v. Gross*, Case No. 08-3035, and *Vasquez Arroyo v. Starks*, Case No. 07-3298. Judge Crow presided over those actions, and defendant Glendenning represented the defendants in both matters.[2]

Plaintiff's claims in this matter may be summarized as follows: in Count I, he alleges that he was denied the right of access to the courts, the right to confront the defendants, and the right to a speedy trial. He also claims the defendants violated unspecified rules of judicial and professional conduct. In Count II, he alleges Judge Crow denied him the opportunity for confrontation and denied him due process and equal protection. In Count III, plaintiff claims that because of the acts of Judge Crow and defendant Glendenning, two persons not named in this action were able to deny him discovery in the earlier actions.

**Claims against Judge Crow**

It is settled law that judges have absolute immunity for acts taken in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 360 (1978). There are two exceptions to this immunity. First, the immunity does not extend to "actions not taken in the judge's judicial capacity." *Mireles v. Waco*, 502 U.S. 9,11 (1991). Second, judicial immunity does not extend to those judicial actions taken in the absence

---

[2] Following Judge Crow's summary dismissal of both actions, plaintiff appealed. The U.S. Court of Appeals for the Tenth Circuit reversed and remanded the matters. On remand, the court, after appointing counsel and receiving responsive pleadings, again dismissed the matters on statute of limitations and qualified immunity grounds. The dismissals were upheld on appeal, *Arroyo v. Gross*, 475 Fed.Appx. 681 (10th Cir. 2012), *cert. denied*, ___ S.Ct. ___, 2012 WL 2192665 (October 1, 2012).

of jurisdiction. *Id*. at 12. Neither exception applies here. The actions plaintiff challenges were taken in Judge Crow's judicial capacity, and there is no credible challenge to his jurisdiction in the earlier actions.[3] Indeed, because the decisions have been affirmed on appeal and the United States Supreme Court has denied certiorari, plaintiff's repeated attacks against the defendants after the adverse decision border on malicious.

**Claims against defendant Glendenning**

While the specific factual allegations supporting plaintiff's claims against this defendant are vague, it nevertheless is clear that no claim for relief is stated. The "vast weight of authority" states that "private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983." *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983). Rather, action under color of state law is properly invoked "only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Defendant Glendenning, an attorney in private practice, did not act under color of state law in his representation of the defendants in the earlier actions. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) and *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264 (10th Cir. 1994).

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue pursuant to 28 U.S.C. § 1915(b)(2) until plaintiff satisfies the $350.00 filing fee.

---

[3] Because the claim against Judge Crow fails due to his absolute judicial immunity, the court need not address the lack of jurisdiction over this defendant in an action brought pursuant to § 1983, which provides a remedy for deprivations of federal rights caused by a person acting under color of state law.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED plaintiff's motions to appoint counsel (Doc. 3), for service of summons (Doc. 4), and to file relevant evidence (Doc. 5) are denied.

Copies of this order shall be transmitted to the parties and to the Finance Office of the facility where plaintiff is incarcerated.

**IT IS SO ORDERED.**

DATED:  This 5th day of November, 2012, at Topeka, Kansas.

S/ Richard D. Rogers
RICHARD D. ROGERS
U.S. Senior District Judge